UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE COOK JR., | No. 2:17-cv-2255 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| SOLORZANO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 28 U.S.C. § 1333. Plaintiff has paid the filing fee in full. It appears that plaintiff is attempting to state a claim against prison officials for events occurring while plaintiff was incarcerated at Solano State Prison, referring to 28 U.S.C. § 1333 as the basis for this Court's jurisdiction. (ECF No. 1 at 1.) For the reasons set forth below the court will dismiss the complaint with leave to amend.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.    Jurisdiction Pursuant to 28 U.S.C. § 1333

"Under 28 U.S.C. § 1333, the district courts have jurisdiction over 'any civil case of admiralty or maritime jurisdiction.'" Seven Resorts v. Cantlen, 57 F.3d 771, 774 (9th Cir. 1995). "The 'primary focus of admiralty jurisdiction is the protection of maritime commerce.'" Id. (quoting Foremost Ins. Co. v. Richardson, 457 U.S. 668, 674 (1982)). "[A]dmiralty jurisdiction over both tort and contract issues requires a connection to navigable waters." Seven Resorts, 57 F.3d at 774 (citing Kossick v. United Fruit Co., 365 U.S. 731, 736 (1961)).

The Supreme Court has noted:

> Determination of the question whether a tort is 'maritime' and thus within the admiralty jurisdiction of the federal courts has traditionally depended upon the locality of the wrong. If the wrong occurred on navigable waters, the action is within admiralty jurisdiction; if the wrong occurred on land, it is not.

Executive Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249, 253 (1972).

Here, plaintiff, a state prison inmate, has sued prison staff based on events that occurred while plaintiff was incarcerated at Solano State Prison. (ECF No. 1 at 13-14.) Thus, the events plaintiff complains of occurred on land and the court does not have admiralty jurisdiction over the complaint. Because the court does not have admiralty jurisdiction over this matter, the court lacks subject matter jurisdiction over this action.

The court must dismiss the complaint because plaintiff has failed to establish that the court has jurisdiction. However, consistent with the court's liberal construction of pro se pleadings, the court will grant plaintiff leave to file an amended complaint.

////

### III. Federal Rule of Civil Procedure 8(a)

To determine whether a complaint states a claim, the court looks to the pleading standards under Federal Rule of Civil Procedure 8(a). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff's complaint is 374 pages long, contains over thirty pages of handwritten factual allegations, numerous exhibits, and repetitive sections aimed at each defendant. The complaint is neither short nor plain, and therefore does not comply with Rule 8. Hatch v. Reliance Ins. Co., 758 F.2d 409 (9th Cir. 1985), cert. denied, 474 U.S. 1021 (1985) (confusing and conclusory complaint exceeding 70 pages with attachments, was subject to dismissal for want of a short and plain statement of the claim); Hollis v. York, No. 1:09-cv-0463 OWW SMS, 2011 WL 3740811 at *1 (E.D. Cal. Aug. 24, 2011) (A 34-page complaint with 34 pages of exhibits "that lists multiple unrelated incidents and contains legal argument" violates Rule 8); Simmons v. Akanno, No. 1:09-cv-0659 GBC PC, 2010 WL 5186690 at *3 (E.D. Cal. Dec. 7, 2010) (A 33-page complaint with 53 pages of exhibits violates Rule 8); Knapp v. Cate, No. 1:08-cv-1779 SKO PC, 2010 WL 3521871 at *2 (E.D. Cal. Sept. 7, 2010) (A 26-page complaint with 60 pages of exhibits violates Rule 8).

Plaintiff will be granted leave to file an amended complaint that complies with Rule 8(a). Twenty-five pages is more than sufficient for plaintiff to identify his claims and set forth specific facts in support of those claims. Accordingly, the amended complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

### IV. Amending the Complaint

As stated above, the complaint must be dismissed because plaintiff has failed to show the court has jurisdiction over this action and the complaint fails to comply with Rule 8(a). The court will provide plaintiff with the opportunity to cure the deficiencies identified above.

4

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The court suggests to plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), plaintiff will have the opportunity at that time to submit his evidence.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend.
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with this order, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."
3. Failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: November 13, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner Civil Rights/cook2255.scrn

5