UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE COOK JR.,

    Plaintiff,

v.

SOLORZANO, et al.,

    Defendants.

No. 2:17-cv-2255 JAM DB P

ORDER

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff claims his rights were violated during prison disciplinary proceedings brought against him. For the reasons set forth below the court finds the first amended complaint fails to state a cognizable claim.

**SCREENING**

**I.  Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant

holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Allegations in the First Amended Complaint

Plaintiff alleges the events giving rise to his claim occurred at Solano State Prison. He names as defendants: (1) A. Solorzano; (2) J. Ojo; (3) D. Kyte; and (4) A. Saint-Louis. (ECF No. 7 at 1.)

Plaintiff states that on October 27, 2015 Solorzano conducted a search of his cell and found an item Solorzano believed was an inmate manufactured weapon. (Id. at 3.) Solorzano arrested plaintiff and began questioning him about the item. Plaintiff alleges he said, "it was not a knife it was a screwdriver." Then Solorzano read plaintiff his rights under Miranda v. Arizona, 384 U.S. 436 (1966),[1] wrote down plaintiff's statement, and asked plaintiff if he wanted to sign the form. Plaintiff claims he wrote the words "do not consent" above his name, indicating that he did not consent to waiver of his Miranda rights. Plaintiff also claims Solorzano then checked the box on the form to indicate that plaintiff did consent to waiver and used plaintiff's statement in his Rules Violation Report (RVR).

Plaintiff further alleges Solorzano made a false statement in his report by alleging the item found "had a metal rod sealed into a metal cylinder handle." (ECF No. 7 at 4.) Plaintiff claims that as a result of the report he was confined in Administrative Segregation (Ad-Seg) for ninety days. On February 8, 2016 a hearing was held regarding the RVR. (Id. at 7.) The senior hearing officer found that the item "did not appear to have a handle" and plaintiff was found guilty of a lesser offense of possession of dangerous contraband.

////

---

[1] Part of the Supreme Court's holding in Miranda was that in order to protect the Fifth Amendment privilege against self-incrimination, statements made during custodial interrogations may not be introduced into evidence during a criminal trial unless an officer advised the suspect of their right to remain silent and the consequences of waiving that right. 384 U.S. 436.

Plaintiff alleges that Ojo was responsible for reviewing the evidence contained in the RVR as part of the disciplinary hearing process and in order to issue his own incident report. (Id. at 6.) Plaintiff alleges Ojo allowed the RVR authored by Solorzano containing a statement taken in violation of plaintiff's Miranda rights and containing a false statement about whether or not the item had a handle.

Plaintiff alleges he sent a request for interview form to the institutional warden requesting an Investigative Employee[2] be assigned to assist him in preparing a defense against the charge. (ECF No. 7 at 9.) Defendant Kyte responded and informed plaintiff that because he indicated on the form that he did not consent to waive his right to remain silent an Investigative Employee was precluded from questioning plaintiff, so an Investigative Employee was not assigned. Kyte also stated that an Investigative Employee could be assigned if plaintiff signed a form waiving his Miranda rights. Kyte further stated that plaintiff because Plaintiff also claims that Kyte served as the correctional captain assigned to adjudicate a hearing that ultimately determined plaintiff should remain in Ad-Seg.

Plaintiff claims that on January 19, 2016, Saint-Louis falsely reported that he was assigned as Investigative Employee to assist plaintiff during the RVR hearing process. (Id. at 13.) Plaintiff alleges this is false for several reasons: (1) he was told he could not receive an Investigative Employee unless he waived his Miranda rights, which he never did; (2) Saint-Louis could not have served as plaintiff's Investigative Employee because plaintiff objected to him as his Investigative Employee on October 29, 2015 in his request for interview plaintiff "stated that 'I do not consent' to the black guy who did my lock up order to be Investigative Employee because I have a 602 against him."

Plaintiff claims that his mental and physical well-being were damaged because he went on a hunger strike to protest his confinement in Ad-Seg. (Id. at 5.) He also claims his liberty was impacted because he lost privileges such as visiting time, his job assignment, recreation time, phone privileges, the ability to purchase items at the prison canteen. (Id. at 3, 5.)

---

[2] An Investigative Employee is appointed to assist the hearing officer, not the inmate. Cal. Code Regs. tit. 15, § 3318(a).

4

Plaintiff also appears to make a claim that he "initiated a private administrative process" against the defendants in which he served them some notice and because they failed to respond to his notice they waived any immunity and owe plaintiff damages. (Id. at 17-19.) However, plaintiff has cited no law to support this assertion, and the court is aware of none that would entitle him to damages based on defendants' failure to respond to a notice.

**III. Does Plaintiff State a Claim under § 1983**

It appears that the crux of plaintiff's claim is that he was not provided with proper constitutional protections in connection with his RVR proceedings. Plaintiff specifically alleges that his Fourteenth and Sixth Amendment rights were violated when: (1) a statement taken in violation of Miranda was used against him; (2) he was not provided with an Investigative Employee, and (3) he was denied the right to a fair and impartial hearing. However, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that a prisoner may prepare his defense; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense when permitting him to would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. A finding of guilt must also be supported by "some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

**A. Due Process – Liberty Interest**

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The procedural guarantees of the Fifth and Fourteenth Amendments' Due Process Clauses apply only when a constitutionally protected liberty interest is at stake. See Ingraham v. Wright, 430 U.S. 651, 672-73 (1977); Bd of Regents v. Roth, 408 U.S. 564, 569 (1972); Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003); Neal v. Shimoda, 131 F.3d 818, 827

(9th Cir. 1997); Erickson v. United States, 67 F.3d 858, 861 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 462 (9th Cir. 1995); Tellis v. Godinez, 5 F.3d 1314, 1316 (9th Cir. 1993). Liberty interests can arise both from the Constitution and from state law. See Wilkinson v. Austin, 545 U.S. 209, 221 (2005); Hewitt v. Helms, 459 U.S. 460, 466 (1983). The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84.

The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

With respect to liberty interests created by state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin, 515 U.S. at 481-84. Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007); Jackson, 353 F.3d at 755; Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff appears to claim that his liberty was restricted when he was placed in Ad-Seg because he was prohibited from enjoying certain privileges he held while confined in the general population. These privileges include the ability to purchase items from the prison canteen, visits,

phone privileges, and a job assignment.

However, plaintiff has not indicated facts showing that his confinement in Ad-Seg imposed an atypical and significant hardship in relation to the ordinary incidents of prison life. Additionally, confinement in Ad-Seg by itself is not a sufficiently dramatic departure from the standard conditions of confinement as to implicate due process concerns. See Sandin, 515 U.S. at 485-86; see also Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996).

**B. The Fifth Amendment**

Plaintiff claims that a statement he made was used in a disciplinary report even though he did not consent to waive his Miranda rights.

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The Fifth Amendment "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal or could lead to other evidence that might so be used." United States v. Bodwell, 66 F.3d 1000, 1001 (9th Cir. 1995) (quotations omitted).

With respect to the privilege against self-incrimination, the Supreme Court "has recognized that lawful conviction and incarceration necessarily place limitations" on an inmate's exercise of the privilege. McKune v. Lile, 536 U.S. 24, 38 (2002). A prison disciplinary proceeding is not a criminal proceeding and "the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. Prosecutors may not introduce statements made by criminal defendants during custodial interrogation unless it can be demonstrated that the defendant was warned prior to questioning and voluntarily waived his right. Miranda, 384 U.S. at 479.

There is nothing in the complaint to indicate that plaintiff's statement was used against him in a criminal proceeding. While he does indicate charges against him in relation to possession of the item were referred to the district attorney, "mere referral is insufficient to show that a criminal prosecution occurred." See Wolinski v. Juniou, No. 1:10-cv-2139 AWI DLB PC, 2012 WL 1657576 at *4 (E.D. Cal. May 10, 2012).

Plaintiff has not stated a claim for violation of his rights under Miranda because there is no indication the statement was used against him in a criminal proceeding.

### C. The Sixth Amendment

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amdn. VI. Plaintiff claims he was denied the right to a fair disciplinary hearing proceeding in violation of the Sixth Amendment. However, the Sixth Amendment applies only to criminal prosecutions. As stated previously, a prison disciplinary proceeding is not a criminal proceeding. Thus, the Sixth Amendment is inapplicable.

### D. Failure to Assign an Investigative Employee

In Wolff, the United States Supreme Court held that there is no right to counsel in a prison disciplinary hearing, but where an inmate is illiterate or "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid in the form help from the staff or from a sufficiently competent inmate designated by the staff." 418 U.S. 570.

Here, the issue was straightforward. Plaintiff was found to be in possession of an item suspected to be an inmate manufactured weapon and the only dispute was whether the item had a handle. Additionally, it is clear from plaintiff's filings that he is literate.

Accordingly, plaintiff cannot show a due process violation based on the failure to appoint an Investigative Employee.

### E. Use of a False Statement

Plaintiff alleged that Solorzano put a false statement in his RVR by indicating the item found had a handle, but it was later determined that there was no handle and plaintiff was ultimately found guilty of a less serious offense.

An inmate may state a cognizable claim arising from a false disciplinary report if the false report was done in retaliation for the exercise of his constitutional right or if the inmate was not afforded procedural due process in connection with the resulting disciplinary proceedings as

provided in Wolff, 418 U.S. at 563-70. See also Hines v. Gomez, 108 F.3d 265, 267-69 (9th Cir. 1997) (retaliation); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) (finding that an allegation that a prison guard planted false evidence which implicated an inmate in a disciplinary infraction failed to state a claim for which relief can be granted where procedural due process protections are provided); Brown v. Leyva, No. CV 1-07-1406, 2009 WL 129879, *3 (E.D. Cal. Jan. 20, 2009) (prisoner failed to state cognizable due process or retaliation claim based on allegedly false charges and reports); Rodgers v. Reynaga, No. CV 1-06-1083, 2009 WL 62130, *2 (E.D. Cal. Jan. 8, 2009) (inmate's allegations that defendants conspired to fabricate a false criminal offense that resulted in his re-housing in administrative segregation failed to state a cognizable retaliation or due process claim).

There are no facts contained in the complaint that would indicate Solorzano put a false statement in the report in retaliation for plaintiff's exercise of a constitutional right. Additionally, as discussed above, there is also no indication that plaintiff was not provided the procedural due process protections set forth in Wolff.

Accordingly, plaintiff may not state a claim based on Solorzano's allegedly false statement in the report.

**IV.     Amending the Complaint**

As stated above, the complaint fails to state a cognizable claim. However, the court will provide plaintiff with one more opportunity to cure attempt to state a claim.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

////

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. An amended complaint must be complete in itself without

reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

Accordingly, IT IS HEREBY ORDERED that:

1. The First Amended Complaint (ECF No. 7) is dismissed with leave to amend.
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with this order, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."
3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  March 25, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner Civil Rights/cook2255.scrn

11