UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE COOK JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>SOLORZANO, et al.,<br><br>  Defendants. | No. 2:17-cv-2255 JAM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff claims his rights were violated during prison disciplinary proceedings brought against him. Presently before the court is plaintiff's second amended complaint (ECF No. 10) for screening. For the reasons set forth below, the court will recommend that this action be dismissed for failure to exhaust administrative remedies.

**SCREENING**

**I.  Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Allegations in the First Amended Complaint

Plaintiff alleges the events giving rise to his claim occurred at Solano State Prison. (ECF No. 10 at 1.) He names as defendants: (1) correctional captain, D. Kyte; (2) correctional officer, A. Saint-Louis; and (3) correctional lieutenant, J. Ojo. (ECF No. 10 at 2.)

Plaintiff states that on October 27, 2015, he was placed in administrative segregation for a rules violation ("RVR"). (ECF No. 10 at 6.) Plaintiff states he filed an inmate request form stating he had been denied an Investigative Employee ("IE")[1] and that he needed assistance during the RVR process. He further states that because he exercised his right to file a grievance Kyte retaliated by writing a memorandum containing false statements during the RVR process. (ECF No. 10 at 4.) He alleges that the false statements were made in an attempt to prevent plaintiff from exercising his rights under the First Amendment. He alleges Kyte stated that plaintiff could not be assigned an IE because he refused to waive his Miranda rights.

Kyte conducted an administrative review to determine whether plaintiff should be retained in administrative segregation or released back to the general population. He alleges that Kyte improperly found he should be retained in administrative segregation. Plaintiff claims Kyte was not impartial because plaintiff was later found guilty of a lesser offense that did not require administrative segregation and he authored a false memorandum. Plaintiff claims he had a right to an IE because of the complexity of the issues involved.

---

[1] An Investigative Employee, or IE, is appointed to assist the hearing officer, not the inmate. Cal. Code Regs. tit. 15, § 3318(a).

Plaintiff claims Saint-Louis took adverse action against plaintiff by stating in a report that he was assigned as plaintiff's IE, that plaintiff did not object to him being the IE, and that plaintiff had no comment to the questions Saint-Louis asked him. Plaintiff claims the report was false and done in retaliation because plaintiff requested an IE. (ECF No. 10 at 14.) Plaintiff claims he objected to Saint-Louis serving as the IE and he submitted a request form asking that Saint-Louis not serve as his IE because he submitted a grievance about Saint-Louis at some point. (ECF No. 10 at 18.)

Plaintiff claims Ojo was not impartial when he made the decision to retain plaintiff in administrative segregation and Ojo made false statements in his report. (ECF No. 10 at 20-21.)

Plaintiff has also stated on the face of his complaint that he has not appealed this action to the highest level. (See ECF No. 10 at 3, 6, 13, 17, 20.) He alleges that instead of pursuing the administrative appeal process through the highest level of review he initiated a "private administrative process" pursuant to the administrative procedure act. (Id.)

### III. Does Plaintiff State a Claim under § 1983?

#### A. Exhaustion Requirement

Generally, "a prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court." Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curium); and Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); 42 U.S.C. § 1997e(a). The United States Supreme Court confirmed that district courts are bound by the Prison Litigation Reform Act's textual mandate requiring all inmates to exhaust administrative remedies before bringing an action in federal court. See Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (refuting a "special circumstance" exception to the rule of exhaustion).

"Proper exhaustion demands compliance with an agency's . . . critical procedural rules," Woodford v. Ngo, 548 U.S. 81, 90 (2006). Thus, "to properly exhaust administrative remedies, prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] rules that are defined . . . by the prison grievance system itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88).

4

In California, an inmate may appeal "any policy, decision, action, condition, or omission . . . having a material adverse effect on upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Inmates must complete three levels to exhaust the appeal process: (1) formal written appeal on CDCR Form 602; (2) second-level appeal to the institution head or designee; and (3) third-level appeal to the Director of the CDCR. Id. § 3084.7. The third level constitutes the decision of the Secretary of the CDCR and exhausts a prisoner's administrative remedies. Id. § 3084.7(d)(3).

**B. Analysis**

Plaintiff has indicated that for each of his claims he filed an administrative appeal, but that he did not submit the appeal to the highest level. (ECF No. 10 at 3, 6, 13, 17, 20.) In relation to several of his claims, plaintiff states his appeal was rejected and cites Nunez v. Duncan, 591 F.3d 1217 (9th Cir. 2010). In Nunez, the Ninth Circuit held that the plaintiff should be excused from the grievance requirement because he was prevented from exhausting, not through any fault of his own, but because the warden gave him incorrect information making administrative remedies effectively unavailable. Nunez, 591 F.3d at 1226. It does not appear from the facts recited in the complaint that plaintiff was prevented from exhausting his claims because he received incorrect information from a prison official. Accordingly, he may not rely on Nunez to excuse him from fulfilling the exhaustion requirement.

Plaintiff also states that instead of pursuing the administrative appeal process through the highest level of review, he initiated a "private administrative process" pursuant to the administrative procedure act. (ECF No. 10 at 3, 6, 13, 17, 20.) However, this is also insufficient to satisfy the PLRA's exhaustion requirement. "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' []—rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88).

Plaintiff's pursuit of a private remedy is not sufficient to satisfy the PLRA's exhaustion requirement. In order to properly exhaust plaintiff is required to complete CDCR's grievance procedure by pursuing an appeal through the third level. See Cal. Code Regs. tit. 15, §

3084.7(d)(3). It is clear from the face of plaintiff's complaint that he did not exhaust administrative remedies before he brought suit in this case, and the court must dismiss the complaint. See Booth v. Churner, 532 U.S. 731, 738 (2001) (A plaintiff is required to exhaust administrative remedies before a § 1983 claim may be entertained). Because plaintiff did not complete the exhaustion requirement before he initiated this action, the court "must dismiss his suit without prejudice." Vaden, 449 F.3d at 1051 (citing Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003)). If plaintiff wishes to pursue these claims, he must file a new action when, and if, he has exhausted administrative remedies.

### IV. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 5, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner Civil Rights/cook2255.scrn3